1   PHILIP R. COSGROVE, Bar No. 092564
    pcosgrove@browneassa.com
2   **BROWN EASSA AND MCLEOD, LLP**
    444 South Flower Street, Suite 1100
3   Los Angeles, California  90071
    Telephone:  213.687-2666/213.533-5400
4   Facsimile:   213.687-2660

5   Mark T. Clouatre (pro hac vice)
    Hugh Q. Gottschalk (pro hac vice)
6   Christopher P. Montville (pro hac vice)
    **WHEELER TRIGG O'DONNELL LLP**
7   1801 California Street, Suite 3600
    Denver, Colorado 80202
8   Telephone: (303) 244-1800
    Facsimile: (303) 244-1879
9   Email: clouatre@wtotrial.com
    Email: gottschalk@wtotrial.com
10  Email: montville@wtotrial.com

11  Attorneys for Defendant
    CHRYSLER GROUP, LLC
12

13                  **UNITED STATES DISTRICT COURT**

14                  **CENTRAL DISTRICT OF CALIFORNIA**

15

16  SOWELL AUTOMOTIVE, INC., a          Case No.  2:10 CV 08066 GAF (MANx)
    California corporation dba DODGE
17  CITY CHRYSLER JEEP,                 **DEFENDANT CHRYSLER GROUP**
                                        **LLC'S NOTICE OF SECOND**
18                Plaintiff,            **RENEWED MOTION TO DISMISS**
                                        **OR STAY ACTION;**
19         v.
                                        **MEMORANDUM OF POINTS AND**
20  CHRYSLER GROUP LLC ,                **AUTHORITIES;**

21                Defendant.            **DECLARATON OF PHILIP R.**
                                        **COSGROVE;**
22
                                        **EXHIBITS**
23
                                        DATE:    April 4, 2011
24                                      TIME:    9:30 a.m.
                                        CTRM:    740
25

26

27  ///

28  ///

PLEASE TAKE NOTICE that on April 4, 2011, at the hour of 9:30 a.m. or as soon thereafter as counsel may be heard in Courtroom 740 of the above-entitled court, located at 255 East Temple Street (Edward R. Roybal Federal Building), Los Angeles, California, 90012, defendant CHRYSLER GROUP LLC ("Chrysler Group") will move the court, through undersigned counsel, to dismiss or stay Plaintiff's Complaint.

As more fully explained in the Points and Authorities filed contemporaneously with this Motion, this matter must be dismissed or stayed because Chrysler Group has previously filed an action against Sowell involving the same parties and substantially similar claims in the Eastern District of Michigan. The Court should exercise its inherent power to dismiss or stay this second-filed action.

Chrysler Group brings this motion because, as a result of the recent transfer of this matter from Judge Matz to this Court, a similar prior motion was denied without prejudice to refile following transfer. This motion is based upon this notice, the memorandum of points and authorities, all pleadings and records on file with the court, and any further evidence as may be presented at the hearing of this motion.

This motion is made following the attempted conference of counsel pursuant to Local Rule 7-3, the last of which took place on February 20, 2011, after the issues raised in this motion were known and formulated. (See the attached declaration of Philip R. Cosgrove.)

- 2 -

1    Dated:  February __22__, 2011            BROWN EASSA AND MCLEOD, LLP

2

3                                            By: _____

4                                            PHILIP R. COSGROVE

5                                            And

6                                            Mark T. Clouatre
                                             Hugh Q. Gottschalk
7                                            Christopher P. Montville
                                             WHEELER, TRIGG, O'DONNELL
8                                            LLP

9                                            Attorneys for Defendant
                                             CHRYSLER GROUP LLC

10

11

12        .

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             - 3 -

1

## TABLE OF CONTENTS

2

**Page**

3   I.    INTRODUCTION ...................................................................... 1

4   II.   FACTUAL BACKGROUND ...................................................... 2

5         B.    ENACTMENT OF SECTION 747 ...................................... 3

6         C.    THE SOWELL ARBITRATION AND SUBSEQUENT LOI
                NEGOTIATIONS .............................................................. 4

7         D.    EARLIER-FILED RELATED LITIGATION IN THE
                EASTERN DISTRICT OF MICHIGAN ............................... 4

8         E.    SOWELL'S LATER-FILED LITIGATION IN THE CENTRAL
                DISTRICT OF CALIFORNIA ............................................ 6

9   III.  ARGUMENT:  THIS ACTION SHOULD BE DISMISSED OR
           STAYED IN FAVOR OF THE EARLIER-FILED MICHIGAN
10         ACTIONS ......................................................................... 7

11        1.    This Action Is Duplicative of the Michigan Actions...............

          2.    This Case Is a Compulsory Counterclaim to the Michigan
12              Actions .................................................................. 9

13        3.    Other Factors Counsel Against This Court Exercising
                Jurisdiction in the Sowell Action........................................ 9

14        4.    At a Minimum, This Matter Should be Stayed until The Eastern
                District of Michigan Rules on Sowell's Motion to Dismiss..... 12

15  IV.   CONCLUSION ..................................................................... 12

16

17

18

19

20

21

22

23

24

25

26

27

28

**SOWELL AUTOMOTIVE V. CHRYSLER GROUP, LLC - CASE NO. 10 CV 08066 GAF (MAN)
SECOND RENEWED MOTION TO DISMISS OR STAY ACTION**

1

2

3  <u>CASES</u>

4  *Audio Entm't Network, Inc. v. Am. Tel. & Tel. Co.*,
5      205 F.3d 1350 (9th Cir. 1999) .......................................................................8

6  *Chrysler Group LLC v. Fox Hills Motor Sales, Inc. et al.*,
       10-CV-12984 (E.D. Mich.) ...............................................................4, 5, 15, 16
7
   *Church of Scientology of Cal. v. U.S. Dep't of Army*,
8      611 F.2d 738, 750 (9th Cir. 1979) ...............................................................11

9  *GenSci Regeneration Lab., Inc. v. Osteotech, Inc.*,
       No. C099-10111-MRP (CTT), 1998 WL 35314209, at *1
10      (C.D. Cal. Apr. 8, 1998) ...........................................................................7, 9

11  *Grumman Sys. Support Corp. v. Data Gen. Corp.*,
       125 F.R.D. 160, 161 (N.D. Cal. 1988) ...........................................................9
12
   *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
13      179 F.R.D. 264, 269 (C.D. Cal. 1998). ...........................................................8

14  *In re M.C. Products, Inc.*,
       205 F.3d 1351 (9th Cir. 1999)
15      (quoting *Serlin v. Arthur Andersen & Co.*,
       3 F.3d 221, 223 (7th Cir. 1993) ...................................................................8
16
   *Lifecare Int'l, Inc. v. St. Jude Med., Inc.*,
17      CV-98-2263CAS RNBX, 1998 WL 469868, at *2
       (C.D. Cal. June 1, 1998) .............................................................................10
18
   *Livonia Chrysler Jeep, Inc. v. Chrysler Group, LLC*,
19      10-CV-13290 (E.D. Mich.) ...................................................................5, 16

20  *Pacesetter Sys., Inc. v. Medtronic, Inc.*,
       678 F.2d 93, 94-95 (9th Cir. 1982) .............................................................7, 9
21
   *Pochiro v. Prudential Ins. Co. of Am.*,
22      827 F.2d 1246, 1249 (9th Cir. 1987) ...........................................................10

23  *Ward v. Follet Corp*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ...................................10

24  <u>Statutes</u>

25  Section 365 of the Bankruptcy Code ...................................................................3

26  11 U.S.C. § 365 ................................................................................................3

27  Section 747 of the Consolidated Appropriations Act of 2010 ....................................2

28

- i -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

In light of recent procedural developments, Defendant Chrysler Group LLC ("Chrysler Group" or "Defendant") respectfully submits this motion for the entry of an order dismissing or staying this action in favor of earlier-filed consolidated cases in the Eastern District of Michigan where Chrysler Group is already litigating identical issues against Plaintiff Sowell Automotive, Inc. dba Dodge City Chrysler Jeep ("Sowell"), as well as thirty-one other former dealers.  The three consolidated Eastern District of Michigan cases were filed on or about July 28, 2010, August 19, 2010, and September 30, 2010.  Sowell was named as a defendant in the case filed on September 30, 2010, and again in an Amended Complaint filed on October 4, 2010.

Despite being a party to one of the pending Michigan litigations involving identical legal issues, the application of Michigan law to those issues, and the identity of Chrysler Group's primary witnesses, most of whom are located in Michigan, Sowell nonetheless elected to commence this action in this Court over three weeks later on October 26, 2010.  The Eastern District of Michigan has set an April 21, 2011 hearing for Sowell's motion to dismiss in that action.

Chrysler Group recognizes that this Court denied a motion to stay in the related action styled *Los Feliz Ford dba Star Chrysler Jeep v. Chrysler Group, LLC*, Case 2:10-cv-06077-GAF-MAN ("Los Feliz Ford").  Unlike in *Los Feliz Ford*, however, the first-to-file rule requires dismissal or stay here because Sowell was a party to similar litigation in Michigan well before it filed suit against Chrysler Group in California.  Under these circumstances, dismissal of this action, or, at a minimum, a stay at least until the Michigan court issues a ruling with respect to Sowell's motion to dismiss pending there, is warranted under applicable

- 1 -

1  statutes and case law.[1]

2  **II.     FACTUAL BACKGROUND**

3      **A.     CHRYSLER LLC'S BANKRUPTCY**

4        This case and the related litigation pending in the Eastern District of

5  Michigan arise out the arbitrations spawned by Section 747 of the Consolidated

6  Appropriations Act of 2010 ("Section 747") and filed by former Chrysler, Jeep

7  and/or Dodge dealers whose franchises had been rejected by the United States

8  Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

9  in connection with the bankruptcy case commenced by Chrysler LLC and certain of

10  its subsidiaries and affiliates ("Old Chrysler").  In order to place Chrysler Group's

11  motion to dismiss, stay or transfer in proper context, a summary of the bankruptcy

12  process, the enactment of Section 747, and the ensuing arbitrations, is described

13  below.

14        On April 30, 2009, Old Chrysler filed a voluntary petition for relief under

15  Chapter 11 of the Bankruptcy Code (the "Bankruptcy Proceeding"). Rather than

16  simply liquidate—which would have resulted in the loss of all of Old Chrysler's

17  substantial going-concern value, its entire dealer network and thousands of jobs—

18  Old Chrysler agreed, subject to the Bankruptcy Court's approval, to sell

19  substantially all of its assets to a buyer formed by Fiat S.p.A. ("Fiat") that

20  ultimately became Chrysler Group (the "Fiat Transaction").  As of the filing of the

21  Bankruptcy Proceeding, Old Chrysler had approximately 3,200 Chrysler, Jeep and

22  Dodge dealers in its nationwide dealer network. Under the Purchase Agreement,

23  however, Chrysler Group agreed to accept only approximately 2,400 of Old

24  Chrysler's dealer agreements.  The remaining 789 dealer agreements were excluded

25  _____

26      [1] Chrysler Group brings this Second Renewed Motion because Chrysler

27  Group's original motion to dismiss or stay was mooted due to Sowell's filing of the
First Amended Complaint. Then, as a consequence of the recent transfer of this
matter from Judge Matz to this Court, Chrysler Group's subsequent First Renewed

28  Motion was denied without prejudice to refile following the transfer.

- 2 -

1   from the assets to be purchased under the Purchase Agreement.

2         On May 14, 2009, Old Chrysler filed a motion with the Bankruptcy Court

3   pursuant to § 365 of the Bankruptcy Code, 11 U.S.C. § 365, seeking authorization

4   to reject the 789 Chrysler, Jeep and Dodge dealer agreements that Chrysler Group

5   refused to accept in connection with the Bankruptcy Court-approved sale.  The

6   Bankruptcy Court approved the rejections by an order dated June 9, 2010 (the

7   "Rejection Order").

8      **B.**   **ENACTMENT OF SECTION 747.**

9         Approximately six months after the Bankruptcy Court approved the sale and

10  downsizing of Old Chrysler's dealer network via the Sale Order and Rejection

11  Order, Congress enacted Section 747, granting all 789 "rejected dealers" the right

12  to seek through binding arbitration the right to be added to Chrysler Group's dealer

13  network.  (Affidavit of Phillip R. Cosgrove ("Cosgrove Affidavit"), at Ex. 1 at

14  3220) (§ 747(b)).

15        Section 747 defined a "covered manufacturer" to include Chrysler Group;

16  and a "covered dealership" to include dealers whose dealer agreements were

17  rejected by order of the Bankruptcy Court.  Section 747 granted a "covered

18  dealership" 40 days after the enactment of this statute within which to demand

19  arbitration, and required that all cases be submitted to the arbitrator for deliberation

20  within 180 days of the statute's enactment, i.e., by June 14, 2010.  After balancing

21  the economic interests of Chrysler Group, the public at large and the rejected

22  dealer, and considering seven factors enumerated in the statute, the arbitrator was

23  required to decide "whether or not the covered dealership should be added to the

24  dealer network of the covered manufacturer." (Cosgrove Affidavit, Ex. 1 at 3220-

25  221) (§ 747(d)).  Upon a determination in favor of the "covered dealership,"

26  Section 747 directed the "covered manufacturer" to provide its "customary and

27  usual letter of intent to enter into a sales and service agreement."

28

**C.    THE SOWELL ARBITRATION AND SUBSEQUENT LOI NEGOTIATIONS.**

Following the enactment of Section 747 on December 16, 2009, over 400 of Old Chrysler's former dealers whose dealer agreements were rejected by order of the Bankruptcy Court, including Sowell, elected to arbitrate under Section 747. The arbitration hearing between Chrysler Group and Sowell occurred in mid-May 2010, before an arbitrator appointed under Section 747. On June 1, 2010, the arbitrator issued a written determination in favor of Sowell. (Ex. B to Sowell Complaint.)

Shortly thereafter, John Tangeman of Chrysler Group provided Sowell with Chrysler Group's customary and usual letter of intent, which expressly provided, among other things, that "Michigan law will be used to interpret this LOI." (Ex. C to Sowell Complaint at ¶ 19.) Mr. Tangeman is a Chrysler Group executive located in Auburn Hills, Michigan at Chrysler Group's headquarters.

After receiving the LOI, Sowell communicated with Chrysler Group personnel in an attempt to negotiate the terms of the LOI. Ultimately, however, the parties were unable to reach agreement on the terms of the LOI.

**D.    EARLIER-FILED RELATED LITIGATION IN THE EASTERN DISTRICT OF MICHIGAN.**

On July 28, 2010, several months before this action was filed, Chrysler Group filed a complaint in the Eastern District of Michigan against two former Michigan dealers who had prevailed in Section 747 arbitrations, seeking a declaratory judgment that Section 747 does not preempt state dealer law. *See Chrysler Group LLC v. Fox Hills Motor Sales, Inc. et al.*, 10-CV-12984 (E.D. Mich.) ("Fox Hills Action"). At the same time, Chrysler Group was negotiating LOIs with a number of other prevailing former dealers who, like Sowell, did not agree with the terms of the LOIs. Accordingly, Chrysler Group subsequently amended its Complaint in the Fox Hills Action to add additional prevailing former dealers, and to seek, among other things, additional declaratory relief that the LOI issued to each dealer was "customary and usual" as required by Section 747. (Fox

- 4 -

1    Hills First Amended Complaint, August 30, 2010, Ex. 2 to Cosgrove Affidavit).

2         On August 19, 2010, another prevailing dealer in Michigan—Livonia

3    Chrysler Jeep, Inc.—filed a separate action in the Eastern District of Michigan

4    contending that the LOI issued by Chrysler Group was not customary and usual as

5    required by Section 747, and seeking declaratory relief and enforcement of what it

6    inaccurately referred to as the "arbitration award." *Livonia Chrysler Jeep, Inc. v.*

7    *Chrysler Group, LLC*, 10-CV-13290 (E.D. Mich.) ("Livonia Action") (Livonia

8    Action Complaint, Ex. 3 to Cosgrove Affidavit).

9         On September 3, 2010, the Livonia Action was sua sponte reassigned to the

10   Chrysler Group Action as a companion case pursuant to E.D. Michigan Local Rule

11   83.11 by Order of Judge Nancy G. Edmunds (judge assigned to the Livonia Action)

12   and Judge Sean F. Cox (judge assigned to the Chrysler Group Action) (Order

13   Regarding Reassignment of Companion Case, Ex. 4 to Cosgrove Affidavit).[2]

14        On September 30, 2010, Chrysler Group filed *Chrysler Group LLC v. Sowell*

15   *Automotive Inc.*, et al. 10-cv-13908 (E.D. Mich.), ("Sowell Michigan Action"),

16   naming dealers in Colorado, Montana, California, Wisconsin, Florida, and Ohio.

17   (Sowell Amended Complaint, Ex. 5 to Cosgrove Affidavit.) On October 6, 2010,

18   the Sowell Michigan Action was sua sponte designated as a companion case

19   pursuant to E.D. Michigan Local Rule 83.11, and was also assigned to Judge Sean

20   F. Cox. (Order Regarding Reassignment of Companion Case, Ex. 6 to Cosgrove

21   Affidavit) (collectively hereinafter, "the Michigan Actions").

22        On December 17, 2010, Judge Cox entered an order consolidating all three

23   cases. (*See* Order in Fox Hills Action, Dckt. No. 92, Ex. 7 to Cosgrove Affidavit

24   ("Consolidation Order"), ¶ 1.) Sowell filed a motion to dismiss the Sowell

25

26        [2] "Companion cases" are defined under Local Rule 83.11(b)(7)(A) as those
27   cases in which it appears that: (i) substantially similar evidence will be offered at
     trial, or (ii) the same or related parties are present and the cases arise out of the
28   same transaction or occurrence.

- 5 -

1   Michigan Action for purported lack of personal jurisdiction, or in the alternative, to

2   transfer the action to California. (*See* Motion in Sowell Michigan Action, Dckt.

3   No. 111.) The Michigan court issued an order setting a hearing on Sowell's motion

4   to dismiss and similar motions filed by other dealers, for April 21, 2011. (*See*

5   Notice of Motion Hearing in Sowell Michigan Action, Dckt. No 131, Ex. 8 to

6   Cosgrove Affidavit.)

7          Currently, the Michigan Actions include a number of prevailing former

8   dealers. The issues in these actions are substantially the same as the issues in this

9   action. In particular, like the Michigan Actions, Plaintiff's complaint in this case

10  necessarily requires a determination of the fundamental threshold issue of whether

11  the LOI is customary and usual within the meaning of Section 747.

12  **E.     SOWELL'S LATER-FILED LITIGATION IN THE CENTRAL
        DISTRICT OF CALIFORNIA**

13         On October 26, 2010, Sowell filed a complaint before this Court seeking

14  confirmation and enforcement of the arbitrator's determination under Section 747,

15  and contending, among other things, that the LOI provided by Chrysler Group is

16  not customary and usual as required by Section 747; that Chrysler Group violated

17  Section 747; and that Sowell should be reinstated in Chrysler Group's dealer

18  network. (*See* Complaint, Dckt. No. 1, ¶¶ 23, 25, 27, 30; *see also* Sowell First Am.

19  Compl., Dckt. No. 17, ¶¶ 23, 25, 27, 30, 32.) These are the identical claims under

20  Section 747 that Chrysler Group has already asserted against Sowell—and that have

21  been presented by several of the former dealer litigants—in the Michigan Actions.

22         On November 17, 2010, Chrysler moved to dismiss or stay this action in

23  favor of the earlier-filed action against Sowell in Michigan, or in the alternative, to

24  transfer the case to the Eastern District of Michigan. (Sowell Dckt. No. 6.) Sowell

25  then amended its complaint and Chrysler Group renewed its motion to stay,

26  dismiss, or transfer. (Sowell Dckt. Nos. 17, 19.)

27         On February 4, 2011, Judge Matz issued an Order to Show Cause that

28

- 6 -

1  resulted in Sowell filing a Notice of Related Case with respect to the *Los Feliz*

2  *Ford*. Judge Matz denied Chrysler Group's Motion to Stay Dismiss, or Transfer

3  without prejudice to refile following transfer of the case to this Court. (*See* Sowell

4  Civil Minutes, Dckt. No. 33.)  On February 9, 2011, this instant case was

5  transferred to this Court pursuant to General Order 08-05.  (Dckt. No. 34.)

6  **III.   ARGUMENT:  THIS ACTION SHOULD BE DISMISSED OR**
   **STAYED IN FAVOR OF THE EARLIER-FILED MICHIGAN**
7  **ACTIONS.**

8  ▓▓▓▓This Action Is Duplicative of the Michigan Actions.

9  As a general rule, a federal suit may be dismissed or stayed for reasons of

10 wise judicial administration whenever it is duplicative of a parallel action already

11 pending in another federal court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d

12 93, 94-95 (9th Cir. 1982).  This so-called "first-filed rule applies unless exceptional

13 or compelling circumstances dictate otherwise." *GenSci Regeneration Lab., Inc. v.*

14 *Osteotech, Inc.*, No. C099-10111-MRP (CTT), 1998 WL 35314209, at *1 (C.D.

15 Cal. Apr. 8, 1998).  "In general, a suit is duplicative of another 'if the claims,

16 parties, and available relief do not significantly differ between the two actions.'" *In*

17 *re M.C. Products, Inc.*, 205 F.3d 1351 (9th Cir. 1999) (quoting *Serlin v. Arthur*

18 *Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)); *see also Guthy-Renker Fitness,*

19 *L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998).

20 Here, there is no doubt that this case is duplicative of the earlier-filed

21 Michigan Actions.  In particular, all matters:

22 1. Involve the same parties and relevant witnesses—Chrysler Group and

23 Sowell, as well as their respective personnel;

24 2. Arise from the same facts—arbitrations conducted pursuant to Section 747

25 and subsequent negotiations regarding the terms of the LOI; and

26 3. Share a cause of action—a declaratory judgment as to whether or not the

27 LOI that Chrysler Group issued to Sowell is "customary and usual" within the

28 meaning of Section 747.

- 7 -

SOWELL AUTOMOTIVE V. CHRYSLER GROUP, LLC - CASE  NO. 10 CV 08066 GAF (MAN)
SECOND RENEWED MOTION TO DISMISS OR STAY ACTION

1    That the Michigan Actions includes additional dealers as defendants is

2    insignificant. "The parties and issues do not need to be exactly identical" to be

3    duplicative of one another. *Audio Entm't Network, Inc. v. Am. Tel. & Tel. Co.*, 205

4    F.3d 1350, 1999 WL 1269329, at *1 (9th Cir. 1999). So too is the fact Sowell

5    asserted certain claims in this case that are not also asserted in the Michigan

6    Actions. Instead, the issues are sufficiently similar where "there is a substantial

7    likelihood that the foreign litigation will dispose of all claims presented in the

8    federal case." *Id.* (internal quotation marks omitted).

9    This is certainly true here. If the Court in the Michigan Actions enters a

10   declaration that the Sowell LOI is customary and usual, then Sowell's claims in this

11   case will be resolved. Moreover, when duplicative actions, such as this case and

12   the Michigan Actions, are filed in different federal courts, the default rule favors the

13   forum of the first-filed suit. *GenSci Regeneration Lab.,* 1998 WL 35314209, at *1.

14   As noted above, Sowell filed the present action over three weeks after Chrysler

15   Group first filed its declaratory judgment action in the Eastern District of Michigan.

16   Deference to this rule is routinely given because "permitting multiple litigation of . .

17   . identical claims could serve no purpose of judicial administration." *Pacesetter*

18   *Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982).

19   As explained in greater detail below, judicial economy is well served by

20   dismissing or staying this action in favor of the earlier-filed Michigan Actions. The

21   Michigan Actions are further advanced and involve numerous other prevailing

22   dealers, including Sowell. By dismissal or stay of this action, the related cases

23   arising out of Section 747 arbitrations will be before one judge, pretrial discovery

24   will be conducted in a more orderly manner, witnesses will be saved time and

25   expense of appearing in more than one court, and duplicative litigation and

26   inconsistent results will be avoided.

27

28

- 8 -

2.     This Case Is a Compulsory Counterclaim to the Michigan Actions.

This case should also be dismissed or stayed for the additional reason that it is more properly characterized as a compulsory counterclaim to the Michigan Actions. *See Grumman Sys. Support Corp. v. Data Gen. Corp.*, 125 F.R.D. 160, 161 (N.D. Cal. 1988) (dismissing claims that were properly compulsory counterclaims to an earlier-filed suit). Under Rule 13(a) of the Federal Rules of Civil Procedure, a compulsory counterclaim must arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Rule 13(a) applies when claims are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see also Lifecare Int'l, Inc. v. St. Jude Med., Inc.*, CV-98-2263CAS RNBX, 1998 WL 469868, at *2 (C.D. Cal. June 1, 1998) (applying first-to-file rule to claims case that were compulsory counter-claims to earlier-filed case).

Here, there can be no dispute that Sowell's claims regarding Section 747 and the LOI are logically related to and arise out of the same transaction and occurrence as Chrysler Group's request for declaratory judgment that the LOI is customary and usual: namely, the Section 747 arbitration and subsequent negotiations regarding the LOI. Indeed, other dealers have filed counterclaims against Chrysler Group in the Michigan Actions that mirror Sowell's Complaint before this Court. (*See* Fox Hills/Village Amended Counter-Complaint, Ex. 9 to Cosgrove Affidavit, at Counts I-VI (asserting violation of Section 747, and requesting declaratory relief, confirmation and enforcement of the arbitration award).).

3.     Other Factors Counsel Against This Court Exercising Jurisdiction in the Sowell Action.

When contemplating a stay or dismissal of a second-filed action, a district judge may also consider other factors, such as prejudice to the parties, judicial efficiency, and the convenience of the venues. *See Ward v. Follet Corp*, 158 F.R.D.

- 9 -

645, 648 (N.D. Cal. 1994).  These factors strongly support a stay or dismissal here.

First, a stay or dismissal of this case in favor of the Michigan Actions would not unduly prejudice or present a tactical disadvantage to Sowell.  Any dismissal would be without prejudice, thus enabling Sowell to refile its complaint if the Michigan Actions fails to resolve the claims pending before this Court.  Similarly, a stay would only require Sowell to wait to litigate this case (if necessary) until resolution of the Michigan Actions.  Moreover, given the early stage of this case, discovery has yet to begin and trial has not yet been scheduled.

On the other hand, absent a stay or dismissal of the present case, Chrysler Group will be required to expend substantial and duplicative resources of both time and money to defend itself in a foreign jurisdiction, arguing over the same issues already pending in the Michigan Actions.  Chrysler Group's witnesses, most of whom are located in Michigan, will be forced to appear in more than one court, and Chrysler Group will be compelled to conduct what is likely to be nearly identical pretrial discovery in more than one forum.  Having more than one judge decide identical issues is also likely to lead to inconsistent results and unnecessarily complicate Chrysler Group's administration of its dealer network.

Second, the interest of judicial efficiency strongly favors a stay or dismissal of the current action.  *See., e.g., Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir. 1979) (noting that the first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly").  As discussed above, this case and the Michigan Actions involve the same fundamental question of whether Chrysler Group's LOI issued to Sowell is customary and usual.  Resolution of the LOI issue will undoubtedly require examination of the identical Sowell LOI at issue in both cases.  Therefore, having one judge assess what is "customary and usual" is not only more efficient, but will avoid the risk of any inconsistent results.  Further, because the LOIs are governed by Michigan law, it makes sense for the Eastern District of Michigan, a court that is familiar with

- 10 -

1    Michigan law, to assess whether Chrysler Group's LOI is customary and usual.

2    Indeed, the Eastern District of Michigan has already recognized the common

3    overarching questions regarding Section 747, and concluded that these cases are

4    most efficiently decided on a consolidated basis before a single judge. (*See*

5    Consolidation Order, Ex. 7, ¶¶ 1,5.)

6         Moreover, because the Michigan Actions are further advanced, they will

7    likely reach a conclusion before the present case.  The Michigan court will hear

8    Sowell's pending motion to dismiss in April. (*See* Consolidation Order, Ex. 7, ¶¶

9    4-8.)  Substantive motions to dismiss, which will certainly raise the same threshold

10   legal issues presented here, will follow.  If the Court rules in favor of Chrysler

11   Group in the Michigan Actions on these fundamental issues, that ruling would

12   obviate the need for the present case to proceed.  At the very least, the issues in this

13   action would be drastically simplified and narrowed pending the outcome of the

14   Michigan Actions.  Thus, the interests of judicial efficiency would be well-served

15   by staying or dismissing the proceedings here.

16        Third, the duplicative litigation might inconvenience not only the Court, but

17   also the United States Attorney General's Office.  Chrysler Group has filed a

18   Notice of Constitutional Question in the Michigan Actions pursuant to Federal Rule

19   of Civil Procedure 5.1, and is contemplating the filing of such a notice in this

20   matter. (*See* Notice of Constitutional Question in Michigan Actions, Ex. 10 to

21   Cosgrove Affidavit.)  The notice informs the Attorney General of the United States

22   that the interpretation of Section 747 urged by dealers such as Sowell would render

23   the statute unconstitutional as applied. (*Id.*)  An identical issue may well arise here,

24   which would force the Attorney General to litigate the identical issue in multiple

25   forums if this matter is not stayed or dismissed.

26        Finally, the requested stay or dismissal will reduce the burden of litigation on

27   the parties and the Court.  As discussed above, the resolution of the issues in the

28   Michigan Actions could potentially dispose of all of Sowell's claims in this current

- 11 -

1  action thereby eliminating the burden of litigation on this Court and drastically

2  reducing the burden on the parties who will only have to litigate in one, rather than

3  two, forums.

4          4.      At a Minimum, This Matter Should be Stayed until The Eastern
                   District of Michigan Rules on Sowell's Motion to Dismiss.
5

6          Based on previous briefing, Sowell will likely argue against a dismissal or

7  stay on the basis that the Eastern District of Michigan purportedly lacks jurisdiction

8  over Sowell.  Sowell has filed a motion to dismiss the Michigan action, or in the

9  alternative transfer it to California, on this same basis. (*See* Dckt. No. 111 in

10  Sowell Michigan Action.)  The Michigan court has set Sowell's motion for hearing

11  on April 21, 2011, and will presumably issue a ruling shortly thereafter. (*See*

12  Notice of Motion Hearing, attached as Ex. 11 to Cosgrove Affidavit.)

13          In the alternative, Chrysler Group asks the Court to stay this matter until the

14  Michigan court rules on Sowell's motion to dismiss.  At that point, the Michigan

15  court's jurisdiction over Sowell in the earlier-filed case will be settled, and Sowell

16  will have no basis on which to oppose a dismissal or permanent stay of this matter.

17  Conversely, in the unlikely event that the Michigan court grants Sowell's motion,

18  this Court would then have the opportunity to reevaluate the propriety of a stay.

19

20  **IV.   CONCLUSION.**

21          For the foregoing reasons, Chrysler Group respectively requests that this

22  Court dismiss or stay this action in favor of the earlier-filed Michigan Actions.  In

23  the alternative, Chrysler Group requests a stay until the Michigan court rules on

24  Sowell's motion to dismiss, set for hearing on April 21, 2011.

25

26

27

28

1   Dated: February *11*, 2011            BROWN EASSA AND MCLEOD, LLP

2

3                                         By: _____

4                                             PHILIP R. COSGROVE

5                                             And

6                                             Mark T. Clouatre
                                              Hugh Q. Gottschalk
                                              Christopher P. Montville
7                                             WHEELER, TRIGG, O'DONNELL
                                              LLP
8
                                              Attorneys for Defendant
9                                             CHRYSLER GROUP LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

# DECLARATION OF PHILIP R. COSGROVE

I, Philip R. Cosgrove, declare as follows:

I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Brown Eassa & McLeod LLP, counsel of record for defendant Chrysler Group LLC ("Chrysler Group") in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

1.      On November 17, 2010, I contacted plaintiff's counsel to conduct the Local Rule 7-3 pre-filing meet and confer before the time Chrysler filed its first motion to dismiss or stay this matter.  I informed counsel that Chrysler Group would be seeking the dismissal or stay and transfer of this matter to the Eastern District of Michigan, where another action involving Sowell Automotive, Inc. was previously filed by Chrysler, as well as other similar matters are pending.  Plaintiff's counsel did not agree to the dismissal or stay and transfer of this matter and, therefore, this motion is necessary.

2.      After plaintiff filed an amended complaint and it became necessary to file another motion in response thereto, I contacted plaintiff's counsel to conduct the Local Rule 7-3 pre-filing meet and confer on December 21, 2010.  I informed plaintiffs' counsel that Chrysler Group would be filing a similar motion seeking the dismissal or stay and transfer of this matter to the Eastern District of Michigan, where another action involving Sowell Automotive, Inc. was previously filed by Chrysler, as well as other similar matters are pending. Plaintiff's counsel did not agree to the dismissal or stay and transfer of this matter and, therefore, this motion is necessary.

3.     On February 18, 2011, after Judge Matz transferred this case to the docket of Judge Feess and denied Chrysler's motion without prejudice because of the transfer, I contacted counsel for plaintiff again to conduct the meet and confer. Plaintiff's counsel did not agree to the dismissal or stay and transfer of this matter and, therefore, this motion is necessary.

4.     Attached hereto as Exhibit 1 is a true and correct copy of the "Consolidation Appropriations Act of 2010, including Section 747(b).

5.     Attached hereto as Exhibit 2 is a true and correct copy of the complaint in *Chrysler Group LLC v, Fox Hills Motor Sales, Inc., et al..* 10-CV-12984 (USDC E.D. Mich) also referred to as the "Chrysler Group Action."

6.     Attached hereto as Exhibit 3 is a true and correct copy of the complaint in *Livonia Chrysler Jeep, Inc. v. Chrysler Group, LLC*, 10-CV-13290 (E.D. Mich.) ("the Livonia Action").

7.     Attached hereto as Exhibit 4 is a true and correct copy of the Order Regarding Reassignment of Companion Case, entered by Judges Nancy G. Edmunds and Sean F. Cox.

8.     Attached hereto as Exhibit 5 is a true and correct copy of the amended complaint in *Chrysler Group LLC v. Sowell Automotive Inc., et al.* 10-cv-13908 (E.D. Mich.) naming dealers in Colorado, Montana, California, Wisconsin, Florida, and Ohio.

9.     Attached hereto as Exhibit 6 is a true and correct copy of the Order Regarding Reassignment of Companion Case, wherein the *Sowell* Action was *sua sponte* designated as a companion case pursuant to E.D. Michigan Local Rule 83.11, and also assigned to Judge Sean F. Cox.

10.     Attached hereto as Exhibit 7 is a true and correct copy of the order of Judge Cox in the Fox Hills Action, Dckt. No. 92, consolidating the three actions.

11.    Attached hereto as Exhibit 8 is a true and correct copy of the amended counter-complaint filed of Village Chrysler, et al. in Chrysler Group LLC v. Fox Hills Motor Sales, et al., 2:10-cv-12984.

12.    Attached hereto as Exhibit 9 is a true and correct copy of the Notice of Constitutional Question in the Michigan Actions pursuant to Federal Rule of Civil Procedure 5.1, filed in the Fox Hills action.

13.    Attached hereto as Exhibit 10 is a true and correct copy of the Notice of Motion Hearing in the Michigan Actions, filed in the Fox Hills action.

Executed on this 22nd day of February, 2011, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



Philip R. Cosgrove

SOWELL AUTOMOTIVE V. CHRYSLER GROUP, LLC - CASE NO. 10 CV 08066 GAF (MAN)

PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 1100, Los Angeles, CA. On February 22 2011, I served a copy of the within document(s):

**DEFENDANT CHRYSLER GROUP LLC'S NOTICE OF SECOND RENEWED MOTION TO DISMISS OR STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES;  DECLARATON OF PHILIP R. COSGROVE**

 by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth on the attached service list.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 22 2011, at Los Angeles, California.

_____
Liv Kirchoff

- 18 -

## <u>Service list</u>

Michael M. Sieving, Esq.                       Attorneys for Plaintiff
Tina Hopper, Esq.
Law Offices of Michael M. Sieving              Telephone: (916) 673-9739
8153 Damico Drive                              Facsimile: (916) 673-9740
El Dorado Hills, CA 95762

                                               Email:  msieving@sievinglaw.com
                                               Email:  thopper@sievinglaw.com

05993 35610 PRC  644034.1

- 19 -